IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01555-CMA-KMT

CARLOS BRITO,

 Plaintiff,

v.

EL ZARCO, LLC,
PHO 50, LTD, and
CUAUTLA, INC.,

 Defendants.

---

**ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS EL ZARCO, LLC AND CUAUTLA, INC.**

---

This matter is before the Court upon Plaintiff Carlos Brito's Motion for Default Judgment against Defendants El Zarco, LLC ("Defendant El Zarco") and Cuautla, Inc. ("Defendant Cuautla"). (Doc. # 15.) For the reasons discussed below, default judgment shall be entered against Defendant El Zarco and Defendant Cuautla. However, the Court denies without prejudice Plaintiff's request for attorneys' fees and costs.

### I.   BACKGROUND

Plaintiff initiated this action on June 21, 2018, bringing suit against Defendant El Zarco, the owner and operator of a commercial plaza in Pueblo, Colorado; Defendant Cuautla, the owner and operator of a 3 Margaritas restaurant franchise in the plaza; and Defendant Pho 50, Ltd., the owner and operator of a restaurant named Pho 50 in the

plaza. (Doc. # 1.) Plaintiff alleges that Defendants "discriminate against people who are disabled in ways that block them from access and use of Defendants' plaza property [and] restaurant businesses" in violation of the Americans with Disabilities Act, 42 U.S.C. § 12182, (*id*. at 3), and makes a claim for injunctive relief pursuant to 42 U.S.C. § 12188 (*id*. at 11). Plaintiff also seeks an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205. (*Id.*)

Defendant El Zarco and Defendant Cuautla were served with the operative Complaint on July 3, 2018 (Doc. ## 7–8), and failed to timely file a pleading or an answer by July 24, 2018, *see* (Doc. # 9 at 1). Plaintiff moved for the Clerk to enter default against Defendant El Zarco and Defendant Cuautla on July 30, 2018. (Doc. # 9.) The Clerk entered default against Defendant El Zarco and Defendant Cuautla on the following day, July 31, 2018.[1] (Doc. # 10.)

On September 11, 2018, Plaintiff filed the instant Motion for Default Judgment Against Defendant El Zarco and Defendant Cuautla, seeking relief pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. # 15.)

## II. STANDARD OF REVIEW

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Fed. R. Civ. P. 55(b)(1), default judgment may be entered by the clerk of court if the claim is for "a sum certain"; in all other cases,

---

[1] The Clerk simultaneously entered default against Defendant Pho 50, Ltd. (Doc. # 10.) On September 11, 2018, Defendant Pho 50, Ltd. sought to vacate the Clerk's entry of judgment against it (Doc. # 17), which the Court did on September 12, 2018 (Doc. # 18). The litigation proceeds between Plaintiff and Defendant Pho 50, Ltd.

as here, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted). Finally, "when a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding." *United States v. Craighead,* 176 F. App'x 922, 925 (10th Cir. 2006) (unpublished) (quoting *Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001)).

### III. ANALYSIS

**A. INJUNCTIVE RELIEF**

The Americans with Disabilities Act (the "ADA") mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [and] facilities . . . of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). It specifically identifies "a failure to remove architectural barriers . . . in existing facilities" as a form of impermissible discrimination. 42 U.S.C. § 12182(b)(2)(A)(iv). Pursuant to 42 U.S.C. § 12188(a)(2), in the case of such

discrimination, "injunctive relief shall include an order to alter facilities readily accessible to and usable by individuals with disabilities to the extent required by [the ADA]."

The Court takes as true Plaintiff's allegations that Defendant El Zarco violated the ADA and implementing regulations because the plaza's "disabled [parking] spaces lack clear access aisles with ramps," the path of travel "contains excessive slopes" and "abrupt changes in level," and there are "protruding objects present throughout the facility." (Doc. # 1 at 7); see *Craighead,* 176 F. App'x at 925. As to Defendant Cuautla, the Court accepts as true Plaintiff's allegations that its bathroom facility "lacks transfer space and has improper grab bars," lacks "required maneuvering space," and features improperly located urinals and toilet paper dispensers. (Doc. # 1 at 8–9.)

Plaintiff is therefore entitled to injunctive relief and to a declaratory judgment that Defendant El Zarco and Defendant Cuautla were, at the commencement of this litigation, in violation of the ADA. The Court orders Defendant El Zarco and Defendant Cuautla to "make [their] facilities readily accessible to and usable by individuals with disabilities to the extent required" by the ADA and to, where necessary, provide "an auxiliary aid or service, modification of a policy, or a provision of alternative methods." 42 U.S.C. § 12188(a)(2).

## B. ATTORNEYS' FEES AND COSTS

The ADA provides that "[i]n any action or administrative proceeding commenced pursuant to [Chapter 126], the court . . . , in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.

By virtue of this Order, Plaintiff prevails over Defendant El Zarco and Defendant Cuautla and is therefore entitled to attorneys' fees and costs. However, Plaintiff has not requested any specific amount of attorneys' fees and costs and has not submitted any documentation in support of their reasonableness. The Court therefore denies without prejudice Plaintiff's request for attorneys' fees and costs from Defendant El Zarco and Defendant Cuautla.

### IV. CONCLUSION

Based on the preceding analysis, the Court ORDERS as follows:

1. Plaintiff's Motion for Default Judgment Against Defendant El Zarco and Defendant Cuautla (Doc. # 15) is GRANTED IN PART as to Plaintiff's request for declaratory and injunctive relief.

2. Defendant El Zarco and Defendant Cuautla are ORDERED to make their facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA and to, where necessary, to provide an auxiliary aid or service, modification of a policy, or a provision of alternative methods.

3. Plaintiff's Motion for Default Judgment Against Defendant El Zarco and Defendant Cuautla (Doc. # 15) is DENIED IN PART as to Plaintiff's imprecise request for attorneys' fees and costs.

DATED: October 2, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge